LOLA HENRY, *Appellant,* v. AMANDA BUTLER et al., *Appellees.*

No. 17,621.

SYLLABUS BY THE COURT.

1. MARRIAGE—*Antenuptial Contract—Consideration.* Marriage is a sufficient consideration for an antenuptial contract determining the descent of property, and when such contract is freely entered into, and is just and fair, it should be sustained.

2. ——— *Same.* Under all the evidence in this case relating to the age, the prior financial condition of each of the parties, the duty of the prospective husband to his three young daughters and his prospects for further accumulations of property, and the circumstances attending the execution of the contract, the court was justified in holding that the contract was fair and equitable and was freely entered into.

Appeal from Jewell district court. Opinion filed May 11, 1912. Affirmed.

*W. R. Mitchell,* and *J. M. Livingood,* for the appellant.

*R. W. Turner,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: On July 10, 1901, John Henry, a widower about forty years of age with three daughters, ranging from nine to fourteen years of age, was married to Lola Greenwood, about thirty years of age, who had been previously married and was divorced. On the day previous to the marriage they entered into the following antenuptial contract:

"This agreement made this 9th day of July, 1901, by and between John Henry and Lola Greenwood, residents of said Jewell county, Kansas,

"WITNESSETH: That said John Henry for and in consideration of the covenants and agreements on the part of the said Lola Greenwood hereinafter contained, has promised and agreed and does this day hereby covenant, promise and agree to and with the said Lola Greenwood, that he will marry and receive in marriage the said Lola Greenwood upon the terms, covenants, agreements and conditions hereinafter set forth. That the said Lola Greenwood for and in consideration of the promises, covenants and agreements on the part of the said John Henry hereinbefore mentioned and hereinafter stated, has promised and agreed and does this day hereby covenant, promise and agree to and with the said John Henry that she will marry and receive in marriage the said John Henry upon the terms, covenants, agreements and conditions herein contained. That the said parties hereto and each of them, being fully advised and with full knowledge of what their respective rights under the laws of the state of Kansas would be and is in and to the property of the other if married without an agreement made with reference thereto before said marriage, and for the purpose of settling all questions as to the rights of each of said parties in and to their said property and that which may be hereafter acquired during the continuance of said marriage and after separation by death or otherwise, and for the purpose of preventing contention between any and all persons now interested in said property, or hereafter to become interested in the same and in view of said marriage and for and in consideration of the promises, covenants and agreements herein contained the said

John Henry and Lola Greenwood and each of them for themselves, their heirs, executors and administrators, and assigns, do hereby promise, covenant, agree and consent to and with each other that the said Lola Greenwood may and shall during the continuance of said marriage so agreed upon and after separation by death or otherwise, separately own, use, possess, convey, and dispose of all property of every kind belonging to her before said marriage in the same manner and to the same extent as though she was an unmarried woman. That if the said Lola Greenwood shall outlive the said John Henry, and shall live with him during the continuance of said marriage, and be his wife at his death, she shall receive of and from the estate of said John Henry such portion as the laws of Kansas grant, with the exception of the following described land, to wit: The South West Quarter (1-4) of Section Thirty (30) and the South East Quarter (1-4) of the North West Quarter (1-4) of Section Thirty (30), Township No. Three (3.), S. Range Six West of the 6th P. M. in Jewell county, Kansas, which above mentioned land it is hereby agreed by the parties hereto shall be the exclusive property of the following children of said John Henry by a former marriage, Amanda M. Henry, Cleo Belle Henry, Clara C. Henry, at the death of said John Henry if they or either or any of said children should survive him. It is further agreed by the parties hereto that all property both real and personal acquired by the parties hereto or either of them after said marriage shall be distributed under the laws of the state of Kansas to all those entitled thereto. That the said John Henry shall during the continuance of said marriage so agreed upon by and between said parties and after separation of said parties by death or otherwise the said John Henry, his heirs and assigns shall forever separately hold, possess, convey and dispose of all of the above described land and the said Lola Greenwood hereby agrees to sign any and all mortgages, deeds, leases, or other documents as requested by said John Henry pertaining to said described land and the said Lola Greenwood hereby agrees to take and receive as her full share of the estate of said John Henry in case she should survive him such portion as the laws of the state of Kansas grant her in all respects as though this agreement had not been made save and except the land hereinbefore described,

which land she hereby agrees shall be reserved to the exclusive use and benefit of the said children hereinbefore mentioned. It is further stipulated and agreed that the above and foregoing contract is made and entered into upon consideration of marriage.

"In witness whereof we have hereunto set our hands this 9th day of July, 1901.  "JOHN HENRY.

"LOLA GREENWOOD."

The parties thereto lived together as husband and wife until the 23d day of July, 1910, when John Henry died, there being no children by this marriage. The three daughters of John Henry, two of whom were then married, survived him.

In August, 1910, Lola Henry brought this action against the three daughters to partition the two contiguous tracts of land, described as follows: The southwest quarter of section 30 and the southeast quarter of the northwest quarter of section 30 (a tract of 200 acres, hereinafter referred to as tract "X"), and the southwest quarter of the northeast quarter of section 30 (a tract of 40 acres, hereinafter referred to as tract "Y"), all in township 3 south, of range 6 west of the sixth principal meridian, in Jewell county, Kansas. It is conceded that tract "X" was owned by John Henry at and prior to his marriage, and that tract "Y" was acquired after the marriage, the title being taken in his name.

In her petition Mrs. Henry alleged that she was the owner of an undivided one-half interest in the two tracts of land and that the three daughters named as defendants were each the owners of an undivided one-sixth interest therein. She also alleged that the land was unencumbered, that there were no debts or claims against the real estate, and that there was personal property to the value of several thousand dollars. She prayed for partition according to law, and if partition could not be had, for sale and division of the proceeds.

The three daughters by way of answer and cross-

petition denied generally the allegations of the petition and alleged that prior to the marriage of the plaintiff with John Henry, and as a part of the consideration therefor, the parties entered into the antenuptial contract hereinbefore set forth. It was further alleged that the land described in the contract, being tract "X," was not subject to partition.

In reply the plaintiff admitted that at John Henry's home on the day preceding their marriage she signed a writing which she now believes to be the alleged contract; that the writing was not explained to her or its terms disclosed, although she requested the same, and that if she had understood the terms and conditions thereof she would never have signed it. Further, that shortly after the marriage she gave John Henry $275, her own separate property, and that the same was used by him in the improvement of tract "X." Further, that the alleged antenuptial contract is unjust and against public policy. Also, if the antenuptial contract be held valid, that by the terms thereof all property, real and personal, acquired by the parties during the marriage should be distributed according to the laws of this state, and that during said marriage by their mutual efforts there were improvements placed on tract "X" of the value of $5000, and in that event she would be entitled to one-half interest in such improvements. She prayed judgment as in her petition and for all further equitable relief.

The case was by agreement tried to the court without a jury. After hearing the evidence the court found the antenuptial contract valid and that it should be enforced according to its tenor and effect; that the defendants, daughters of John Henry, were the owners in fee simple of tract "X," and that Lola Henry had no interest therein; that Lola Henry was the owner of an undivided one-half interest in tract "Y," which was purchased after the marriage, and that each of the

defendants was the owner of an undivided one-sixth interest therein. The court appointed commissioners to partition tract "Y." The plaintiff filed a motion for a new trial, which was overruled.

Marriage is a sufficient consideration to support an antenuptial contract which controls the descent of property of the parties thereto. Such contracts, when freely entered into and when not unjust or inequitable, are favored and enforced and are liberally construed to give effect to the intent of the parties thereto. (*Hafer v. Hafer,* 33 Kan. 449, 6 Pac. 537; *King v. Mollohan,* 61 Kan. 683, 60 Pac. 731; *McNutt et al. v. McNutt,* 116 Ind. 545, 19 N. E. 115, 2 L. R. A. 372.)

While conflicting, the evidence that the plaintiff read, understood and freely signed the contract is abundant to sustain the implied conclusion of the court that the contract was fairly entered into. The relative situation of the parties at the time the contract was made does not indicate that it was unjust or inequitable. John Henry was a man in the prime of life with an unencumbered home farm of 200 acres. He had a team, some other live stock, and probably sufficient farm implements and accessories to work the farm. He also had a little money in the bank. The plaintiff was a woman some years his junior who had worked for hire at domestic service for a considerable time while living with her former husband and thereafter until her marriage to John Henry. He had three young daughters dependent upon him, and it was not unreasonable that he should make provision for them in case of his early death. She had no one dependent upon her so far as the evidence shows. She relinquished her right of inheritance only in the farm, leaving to her, in case she should survive him, her right of inheritance to not only the personal property he then had but also to all accumulations which he might make either of lands or personalty. Under the judgment of the court she will receive one-half the

sum for which tract "Y" sold, and one-half the personal property which, she alleged and the evidence showed, amounts to several thousand dollars. It appears that the plaintiff and each of the daughters will receive about an equal portion of the estate. We think the contract was not unreasonable or inequitable, considered either at the time of the making thereof or in the situation at the death of John Henry.

The plaintiff contends that soon after the marriage she let her husband have $275 which was put into improvements on the farm, and that she should have compensation therefor. If she did not give but loaned the money to her husband she could have recovered it when due, and can yet recover it from his estate if the claim is still enforceable. However, the claim can not be consistently urged as a lien on the land nor as a proper matter for adjustment in this action.

As to the plaintiff's claim that improvements to the value of $5000 had subsequently to the marriage been placed upon tract "X," and, inferentially, that she was entitled to one-half thereof, the court below obviously held that the waiver of her inheritance as to that tract of land fairly contemplated a relinquishment of her rights therein in the condition it should be in at the time of the death of John Henry, if she survived him. We think this is a proper construction of the contract.

The judgment is affirmed.